United States District Court
Middle District of Florida
Jacksonville Division

UNITED STATES OF AMERICA

v.                                                    NO. 3:20-cr-23-J-20PDB

BRAD BRADLEY BRADFORD

_____

## Report and Recommendation

Through a second superseding petition dated March 19, 2020, the United States Probation Office alleges Brad Bradley Bradford violated condition seven of the standard conditions of his supervised release on six occasions. Doc. 23. The presiding district judge referred the matter to the undersigned for a report and recommendation on Mr. Bradley's admissions to the violations. Doc. 30.

Mr. Bradford thereafter appeared before the undersigned and admitted all of the alleged violations in the second superseding petition:

1.  Positive urinalysis for amphetamines on January 8, 2020;
2.  Illegal drug use for amphetamines on January 15, 2020;
3.  Positive urinalysis for amphetamines on February 13, 2020;
4.  Positive urinalysis for cocaine on February 19, 2020;
5.  Positive urinalysis for amphetamines on February 19, 2020; and
6.  Positive urinalysis for amphetamines on March 6, 2020.

Doc. 23.

After examining Mr. Bradford under oath, the undersigned accepted his admissions, finding he had made them knowingly, freely, intelligently, and

voluntarily. The undersigned therefore **recommends** entry of an order to show cause why Mr. Bradford's supervised release should not be revoked.[*]

The proceeding occurred during the global pandemic. The prosecutor, defense counsel, and the undersigned were in the courtroom. Mr. Bradford was in the Nassau County Detention Center and appeared by video teleconferencing through Zoom. He consented to appearing in that manner after discussion with counsel. His image and voice were clear, and I confirmed he could see and hear the participants clearly. We proceeded in this manner pursuant to the Administrative Order in *In re The Nat'l Emergency Declared on March 13, 2020*, No. 8:20-mc-25 (M.D. Fla. March 29, 2020), which implemented the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ("CARES Act"), and the March 27, 2020, action by Judicial Conference authorizing video teleconferencing under certain circumstances.

Mr. Bradford stated his desire to conclude the proceedings posthaste in light of his planned request for "time served." To expedite the matter, he consents to—and the United States has no objection to—appearing at the next proceeding by video teleconferencing or by telephone and before any judge. A district judge in the Middle District of Georgia imposed his original sentence.

**Done** in Jacksonville, Florida, on May 29, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[*]"Within 14 days after being served with a copy of the recommended disposition [of a dispositive matter], … a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "Failure to object in accordance with this rule waives a party's right to review." *Id.*; see also 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

2

c:      The Honorable Harvey Schlesinger, United States District Judge
        Frank Talbot, Assistant United States Attorney
        Mark Rosenblum, Assistant Federal Defender
        United States Probation